Okay, the first case this afternoon is People v. Anthony Moore. And is the Appellant's counsel ready to proceed? And how do you pronounce your last name? Michael Bell-Coleman. Okay, if you would please, sir. May it please the courts. My name is Michael Bell-Coleman. I'm from Fourth District, and I'm down here today to argue People v. Anthony Moore. I'll start out just real briefly. I would like to mention to the court, I'm sure the opposing counsel is going to mention this, he handed me a supplemental brief before argument. I'm happy to address it. I think he's going to address it. I don't really want to make an argument before, you know, before him, but I'll be happy to answer any questions. I'll just wait until then. You know, like I said, I'm trying to put the cart before the horse. But he provided you with a... He provided me with a copy. Okay. So I just wanted to let the court know that I'd be happy to answer questions. Okay. I just didn't want to jump the gun. Yeah, I'm wondering if I've got what it is. He might be requesting them to file it today. I think that's what he... Okay, I don't have anything. How's it titled? Leave to file today. Okay. Well, we'll wait until... I guess we can. I appreciate you. Yeah. In case I sat down and he mentioned it, I didn't want you to think I was ignoring it. I understand. And I wanted to make sure I let you know that he did give me a copy ahead of time. Okay. Appreciate it. Thank you. Sure. Thanks. I'd like to start out by trying to clarify what Mr. His argument, I think, is pretty simple. Had the Tribal Council represented him effectively, he would have taken the state's offer, which was for the minimum sentence. What he's not arguing is that he would have been acquitted had he been properly represented. Okay. I think there was some maybe dispute in the reason. I just wanted to make that perfectly clear. He's not arguing that he would have been acquitted. He's arguing that he would have taken the state's final offer. His argument, though, is premised on an effective assistance of the Tribal Council. It has two parts. The first part, his attorney failed to inform him of the minimum and maximum sentences that he was facing. And the second part, his attorney failed to inform him that he was essentially not going to be able to present the alibi. This gets a little tricky, and I'll get into that a little bit later, but I'd like to take that one at a time. But I will say Mr. Moore's argument is that these two things didn't either one alone necessarily cause him to reject the state's offer, but it was these two factors together that caused him to reject the state's final offer and proceed to trial. Regarding the failure to admonish, I don't think there's any dispute. Defense counsel has a duty to inform his client as to the maximum and minimum sentences he can receive. His argument that his attorney did not admonish him is supported by the record and that it's not rebutted by the record. I know that's a roundabout way of saying it. There are only two people that know whether Mr. Moore was advised by his attorney, and that's them and his attorney. What we look to the record for is to see whether the trial court admonished him. The record does not show that he was admonished by the trial court. So my argument is that his claim is supported by the record. Is this only on the initial, when he took the plea as opposed to when he advised him in the arraignment, as to what he could and couldn't get? Can you repeat the question? At the original arraignment, was he advised of the maximum and minimum? That's what I'm saying. The record does not show that he was. Not even at the original arraignment? Are we talking about when he pled? Oh, that's right, he had tried. Yeah, he had tried. So he didn't have a plea to guilty. I think there's, this is what the state talks about in that supplemental brief, but I think there is, he appeared the first time without benefit of counsel. That's not included in the record. The first time he appeared with counsel, it was a different counsel than his trial counsel, and he waived formal arraignment. So what's in the record, what we have in the record is no admonishment. But he waived it. He said he waived it. Right, with a different return. But yes, that's right, he did. Right. His second argument is, as I mentioned this, the alibi defense. Now I'd like to, if I could, mention the undisputed facts. Defense counsel planned on putting on an alibi, an alibi defense. Defense counsel did not put on, this is trial counsel, trial counsel did not put on the alibi defense. Defense, or trial counsel did not put on the alibi defense after the state objected to trial counsel's failure to comply with the applicable rules of discovery. None of this, I mean, this is almost all on the record. Now we, there are some off the record discussions that happen apparently out in the hallway, but the way this all happened is there's, you know, he's getting ready to call the, trial counsel's getting ready to call the alibi witness. The state objects and says, we were not able to, you know, you didn't really tell us this was an alibi witness. In fact, we had the wrong name. The trial court says, was this true? Did you comply with rules of discovery? No, I didn't. So they have a long discussion about what they should do, what's fair, what's not fair. They take a break. They go out in the hallway. The prosecutor asks to talk to the defense counsel. They come back in, on the record again, and defense counsel says, well, after talking about it with the state and my client, I'm not going to call, I'm not going to call the witness. So defense, Mr. Moore's claim is that his attorney messed up. He should have told him ahead of time, I guess, you know, going back and reviewing his notes. Oops. By the way, I didn't comply with discovery. The state's going to make a proper objection and keep out your, your alibi witness. Now this is important because from the defendant's point of view, this is his strongest, this is the strongest witness theoretically. Now who knows how she would have come across on the stand. This is his girlfriend, right? Again, in theory, we never heard her testify, but in theory, she's the, she would be his, you know, his strongest witness. So from his point of view, he's, he's thinking, prior to trial, he's thinking about this as, you know, I don't know what my range of penalties is going to be. And I have this, I have this strong, the strong alibi witness. All of a sudden in the middle of the trial, the rug is yanked out from under him. And his point now is, well, had my attorney told me that ahead of time, I would have been able to properly evaluate what the state's offer was, which again was for the minimum, which was just, which was 10 years. But he's saying without that knowledge, he can't properly, he can't properly make that, make that evaluation. And I think at the hearing on the PC and PC counsel's motion to withdraw, there was a lot of talk about the defendant wants another bite of the apple. The trial court seemed to agree with, with PC counsel's sort of characterization of Mr. Moore's argument, which was, well, he rolled the dice. He wanted to see what he could get at trial. He lost. Now he wants another bite. Now certainly this court sees that all the time. That happens all the time. But a point that I'd like to make is that prior to trial starting, he needs to be able to evaluate the offer that he, that he has received. Taking, there's, it's not so much taking a second bite of the apple if you're not fully apprised of what you're facing down the road. If you're fully apprised of what you're facing down the road, you're not allowed to get a second bite of the apple. But in this case, when he doesn't know that he's facing up to 45 years, and he doesn't know that he's essentially not going to be able to have his best defense, which is his alibi defense, that's his, together, those two factors come together to show that he's, was unable to make this informed decision as to whether or not to reject the state's, the state's offer. Is there anything in the record that supports that he didn't know the reason he couldn't put the alibi defense on was that his attorney had failed to comply with discovery regarding it? That is. Or is it just, did his lawyer, is there anything in the record that says his lawyer just said, it's not a good defense, he's not a good witness? There's nothing in the trial. Now there is a letter that, now when post-conviction counsel was appointed, he wrote a letter to trial counsel. I, from what I can tell, his letter to trial counsel said, here are the claims that, you know, your former client is making against you. Do you care to respond? Trial counsel responded with a letter, not an affidavit, it was just a letter that said, that responded to Mr. Moore's arguments. Part of trial counsel's response, again, in this letter, not an affidavit, but in this letter was, I, I learned during the recess that the alibi defense was actually false, right? So he says, so I decided not to call him for that reason. It wasn't, he doesn't specifically say it wasn't because I didn't, he doesn't mention his non-compliance with discovery rules in the letter. That's all he says. But what I would say is, that's a red herring, that letter, that claim in the letter, that's a red herring. And in fact, it's a red herring because this was a second stage dismissal. This was not an evidentiary hearing. The trial court is supposed to be barred from making evidentiary findings. But I think if anything, what it does is it shows why we need to have an evidentiary hearing ultimately in this case, because what it boils down to then is the trial court needs to make this third stage, right? Here we have trial counsel in this letter saying, oh, no, no, you know, she was a liar. She came clean to me in this moment of, you know, the, the clouds part of the sun came down and she decided to come clean and tell me that it was really false. But on the other hand, she has an affidavit that's, that was appended to Mr. Morris PC, which says, I was ready to testify. You know, I was his alibi. I was ready to testify to the that was a mistake because the trial court is not supposed to be making evidentiary findings, particularly on the strength of what's just a letter, not any sworn statement by trial counsel. There was also, well, so I guess I'm going to back up just a second to answer your question in the bigger picture. I'd say, I'll read, I'll readdress this. Thank you. I think we agree with the relevant rule of lawyers, which is that the well-pleaded allegations of the post-conviction petition are taken as true unless they're refuted by the trial record. But if they're refuted by the trial record, then a petition can be dismissed without an evidentiary hearing. Now it's our position that the two allegations made by defendant and his post-conviction petition are refuted by the trial record and therefore the dismissal was correct. Now, at least the record of trial court proceedings. Now I didn't write the people's brief in this matter, which is where the supplemental brief comes in and why I'm asking for seven days to file. I finished writing it this morning, gave a copy to appellate counsel for defendant. The first claim is that defendant was never told by his attorney how many years he could get for shooting at a police officer and therefore was unable to make an informed decision as to whether to take the people's plea off. Now, the letter from defense counsel says that defendant was warned that he was going to get a whole lot more time if convicted to trial, but we don't have to rely on that letter. And this is what I think the attorney who's no longer with our agency, who wrote our brief missed, because the common law record shows that the first appearance of this defendant in court was not when his attorney waived formal arraignment. It was two days previously on May 24, 2005. And the common law record shows that Judge Harris, the same judge who heard the post-conviction petition, presided. And it also shows that the defendant at that time, who did not have an attorney present, was given his first advisement and trial warnings. Now, first advisement by statute means you have to read the charges until the defendant to possible penalties. Now, when we get to the post-conviction stage, the attorney who represents defendant on the post-conviction petition moves to withdraw, because he says there's no viable claims in the petition whatsoever. And one of the things he says in his motion to withdraw is that the defendant was advised at his first appearance on May 24, 2005 of the nature of the charges and the possible penalties. Now, the defendant files a very lengthy and detailed pro se response to this motion to withdraw, but he doesn't deny that that statement is true. So here's what the judge has in the record, and indeed from his own to refute the defendant's first claim. He was never warned of the maximum penalty for aggravated discharge of a firearm. One, you have the common law record showing that the defendant was given the first advisement and trial warnings. Two, you have the fact that the judge who actually delivered those warnings presided over the post-conviction petition, so he knew what that was, who represented defendant in the post-conviction action saying that yes, this defendant was warned at his first appearance of the possible penalties for the charges against him. And fourth, you have the defendant filing very extensive and detailed pro se objections to the motion to withdraw, in which he doesn't deny that. So there is a basis in the record, as I'm going to say in my supplemental brief, if I have leave to file it, that this defendant was warned at his first and final of the possible penalties for aggravated discharge of a firearm. And of course, there are all sorts of cases which say that a defendant can't claim that some private statement by his attorney contradicted the admonishments of the court from the record. So that's claim number one. Now claim number two the defendant makes is that he was unable to evaluate whether to take the state's offer made during trial because he thought that his attorney was going to put on an alibi defense. Incidentally, this defendant is not an inexperienced criminal. He had three prior felony convictions and two pending felony charges in other counties while all this was going on. So it's not like he's some unsophisticated person who's facing a court for the first time. Now with respect to the second charge, the defendant's trial attorney says in his letter to the court, I talked to the alibi witness while the trial was going on. She was terribly nervous and eventually admitted that her story was false and that's why I didn't put her on. We don't have to rely on that. We don't have to rely on that for the following reason. The defendant, and he acknowledges this in one of his pleadings, told the probation officer who at the time the precepts investigation was being put together, that he didn't intend to shoot at the officer. He just shot into the ground. In other words, he admitted that he was there. He admitted that he fired the or hit the officer. Now that's a judicial admission. Now I submit to you that a defendant cannot say that he had a reasonable expectation that his attorney was going to put on an alibi defense when he admits that alibi defense was false fraudulent and perjury. Was he aware that the basis for the attorney not putting on the alibi defense was that he had not disclosed it properly in discovery? Is that a non-issue? That seems to be the big issue for me. Well, except it doesn't matter why the attorney didn't put on this witness and the attorney says he didn't put on the witness because she admitted that the alibi defense was a lie. He says that he doesn't say that the alleged failure to properly inform the state of the alibi defense was the reason. But it doesn't matter because the defendant admitted that the alibi defense was a lie. He can't reasonably say... He did that after conviction and to a probation officer for the for the pre-sentence report. Is that right? Yeah, but that's a judicial admission. It's a judicial admission that the alibi defense was fraudulent and you can't say that my attorney should have put on a fraudulent and perjured alibi defense. You just can't do it. So both claims are refuted by the record in the following manner. The defendant, a very sophisticated and experienced criminal, as you can tell by his pleadings and his criminal record, was admonished concerning the proper penalties for the offense. Sure, there's not a transcript. That's not our deal. But when there's no transcript, the common law record imports variance. So he was warned at the first appearance of possible penalties for the offense. He couldn't have reasonably expected that his attorney would go along with putting on a false fraudulent and perjured alibi defense. As for the discovery issue, the defense counsel could have requested that the court allow him to put on the alibi witness in spite of the alleged failure to comply with discovery, for example, by allowing the prosecutor to interview the witness before she went on. But I expect if the prosecutor has been allowed to interview the witness before she was put on, she would have broke down under his questioning just like she broke down under defense counsel's question. I can't believe that any court would say that a defendant can proceed on the expectation that his attorney is going to commit a fraud on the court. So defense counsel, I mean defendant, could not have reasonably expected that the alibi defense would be presented. For these reasons, the record refutes the claims in the post-conviction petition. Therefore, the post-conviction petition was correctly dismissed at the first stage of proceedings. Thank you. Any rebuttal? Yes, Your Honor. Thank you. Well, there is a record then that he was admonished. That's what I asked you the question. I'm not so sure. There's a docket entry that indicates he could have been, except there's no... I mean, I would agree with you if there was a quote. If we had a regular transcript of proceeding and there's a quote that said you're facing 24 time, absolutely. What we have is a docket entry. Now, I would also point out to this court... What did that docket entry say? I don't... I didn't see this. I don't remember it off the top of my head and I didn't see a direct quote of it in the state supplemental brief as I looked through it. So I'm sorry, I can't answer that question any better than that. But I gathered from the state supplemental brief that the indication was that the defendant was admonished. But what I'd like to point out to the court is that this was not your average felony and that normal class tax is 6 to 30. This was a 10 to 45. So, I mean, there is a little more, I think, room for a possibility that even if he wasn't admonished, I guess what I will say is we don't know from that docket entry whether he was properly admonished. And that's what the important thing is. I mean, maybe he was told 6 to 30. I mean, from that docket entry, we don't know. And what I'd also like to say is that the trial court argues... I'm sorry, the state argues that here the trial court remembered that it admonished him. Well, I would argue that the record does not support that. If the trial court did remember that, the trial court would have said that. The trial court didn't say that. So, I don't think... I mean, if that were true, if the trial court had said, yeah, I remember admonishing you, this is a strange penalty. It's 10 to 45. It's shooting at a police officer. We don't normally see these. Certainly, I would absolutely agree. But that's not what we have here. We just have a docket entry which, again, it doesn't show... If we can say that it shows that he was admonished, we still don't know what those admonishments were and that's what's important in this case. Regarding Mr. Moore's statement in the PSI, I would argue that that's another red herring. First of all, I would argue that's not a judicial confession. Judicial confessions, as the term is sort of historically used, refer to more like guilty pleas or courts, appellate courts and supreme courts use the phrase or life proceedings. A statement to a probation officer after a trial, not in growth, not with the presence of counsel, I don't think is comparable to a guilty plea. So, I would argue that it's not a judicial confession. The other thing the state mentions is, well, he had the opportunity to correct it at a sentencing hearing, but he didn't. I would argue that's another red herring because he explained to the trial court on PC counsel's motion to withdraw, the reason I said this to the probation officers, the probation officer said, look, you've already been convicted. You need to say something to sort of lessen the blow here. You're shooting at police officers. Just give a little remorse. Now, maybe that's true, maybe that's not true. Maybe, again, that's another reason that it should go to an evidentiary hearing so we could get to the bottom of this. And finally, I'll go back to the alibi defense. This is an interesting case in the sense that there is a lot in the record about trial counsel's failure to comply with the rules of discovery and the state's objection and all the discussions. I think I mentioned this. I'm not going to bother reading any of this to the court, but Mr. Moore appended all of that to his PC. Now, again, we don't know what this conversation was out in the hallway, but we do know because he admitted to it on the record that trial counsel didn't comply with the rules of discovery and the state did object and it seemed that the court was ready to grant the state's or sustain the state's objection to his, to trial counsel's failure to comply with the school of discovery. Now, I think that, you know, call it what you will, but I think defense counsel, however you want to, get down into the nitty gritty, if you want to take a step back and look at the big picture, the defendant should know if he's, if his attorney is going to present an alibi witness or not when he's banking on that. That goes into his, again, big picture evaluation of whether to accept or reject the state's plea bargain, which again, the state's offer was 10 years. So again, if we can just take a step back and look at the big picture, we don't have any specific admonishments on the record. We have his affidavit saying, my trial attorney didn't tell me. We have the letter, which again, we can't get to the letter quite yet because it's not an evidentiary hearing, but even defense counsel doesn't say, I told him exactly what his range was. And then we have his failure to follow through with the discovery requirements, seemingly therefore barring his arguably his best defense, which was his alibi defense. So he requests that this court remand for further proceedings, specifically for further second stage proceedings. So he could be appointed a counsel who will meet with him and amend his post-conviction petition and then hopefully proceed on to the evidentiary hearing that is seemingly necessary in this case. Thank you. Thank you. We'll take the matter under advisement and get to a decision as soon as